**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CHRISTIAN JOHN KENDALL,

     Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

     Defendants.

Case No. 1:26-cv-04405

Judge Joan H. Lefkow

Magistrate Judge Gabriel A. Fuentes

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

     1.    I am the principal of JiangIP LLC, a firm that conducts Chinese-language corporate-identity and address investigations for use in United States litigation involving China-based online sellers. I am fluent in written and spoken Mandarin Chinese and am familiar with the People's Republic of China ("PRC") enterprise-naming rules administered by the State Administration for Market Regulation ("SAMR") and with the Chinese-language mapping platforms in common use in China. I make this declaration in support of Plaintiff's Supplemental Brief in Response to Minute Entry 26. The facts stated here are within my personal knowledge or the knowledge of investigators working under my supervision, and if called as a witness I could and would testify competently to them.

     2.    I was retained to investigate, for each of the eighty-six defendants on the operative Schedule A, whether a physical address for that defendant can be determined and verified. This declaration and the accompanying Exhibit A report the efforts undertaken and the results, defendant by defendant.

1

3. The eighty-six defendants comprise: seventy-eight defendants whose marketplace or processor record identifies them with mainland China; one defendant whose record identifies a Hong Kong address (No. 38); four defendants whose records state a country of Indonesia (Nos. 83–86); two PayPal defendants associated with United States addresses (Nos. 87 and 90); and one PayPal defendant whose account is registered in Vietnam (No. 92). Ex. A.

4. **Platform records.** For each defendant, I first cataloged the identifier and any address that the marketplace or payment processor discloses. For the Temu defendants, the address (where any) is the one stated on Temu's own "business license" tab within the seller page. For the single Amazon defendant (No. 1), the source is the seller-profile "Detailed Seller Information." For the eBay and PayPal defendants, the source is the seller or processor record. Every address is reproduced verbatim in Exhibit A, with the original characters preserved where the platform stated them in Chinese.

5. **Map verification.** For each defendant that disclosed an address, I ran a Google Web search and a Google Maps resolution of the disclosed address (July 23, 2026). In addition, for every one of the forty-three defendants that disclosed a Chinese address, I searched the disclosed address on Baidu Maps (百度地图), the dominant native mapping platform in China (July 28, 2026), and for Defendant No. 1 I also searched Amap (高德地图). The results were consistent across platforms and defendants: Google Maps resolved no disclosed address below the level of a street, lane, village, township, residential community, district, city, or postcode, and in no instance located the pled building, unit, room, stall, or workstation; and Baidu Maps returned "未找到相关地点" — no relevant location found — for every one of the forty-three disclosed Chinese addresses, without exception. I am candid that Google Maps resolves mainland-China addresses less reliably than the native platform, and that a number of the

2

Google captures reflect reduced, mis-parsed, or coincidental queries; where a capture does, I identify it in Exhibit A and do not rely on it. The Baidu result does not depend on those captures — it is an independent search of each disclosed address on China's own mapping platform, and it returned no such location in every case. In candor, and because the underlying captures are being submitted, I note that Baidu's search box reflects the query as entered and, for a number of defendants, displays only a leading portion of the long address string (and, for Defendant No. 48, only the city and postal-code portion); in each case the search nonetheless returned no matching location. I therefore rely on the Baidu result as corroboration of the Google Maps result, not as an independent determination that any particular address does not exist. Exhibit C includes the screenshot results as described above.

6. **Registry search (Tianyancha).** For each of the forty-three defendants that disclosed a Chinese address (the forty-two mainland-PRC defendants that disclosed an address and the one Hong Kong defendant, No. 38), investigators under my supervision searched the Tianyancha (天眼查) enterprise-registry database — which mirrors the SAMR filings — by the platform seller identifier, and additionally searched by Chinese-character address for Defendant No. 1. The search returned no registrable entity for any defendant. Thirty-six returned no data. The seven responses that returned data are all coincidental keyword matches to unrelated companies — a match on a trademark, shareholder, email, patent, or English-name field, not a company-name match to the defendant. For example, the search for "pra" (No. 77) surfaced entities including 普拉达时装商业（上海）有限公司 (Prada Shanghai) and 中国邮政储蓄银行 (Postal Savings Bank of China) via their trademark and shareholder fields, and the search for "A Companion Cup" (No. 79) surfaced a Guangdong coffee company whose registration is cancelled (注销). None identifies any defendant. I assert no registered entity

3

name, Unified Social Credit Code, registered address, or legal-representative name as belonging to any defendant, because the search found none. The full registry record is Exhibit B. No defendant's platform record disclosed a Chinese-character legal name or a Unified Social Credit Code to search under; that absence is itself the finding.

7. **Name-form analysis.** A registered Chinese entity name comprises four components under the SAMR rules: an administrative-region prefix (行政区划), a distinctive trade-name component (字号), an industry descriptor (行业表述), and an organizational-form suffix (组织形式). I decomposed each of the seventy-eight mainland-PRC platform identifiers against those four components. None supplies a Chinese-character legal name in that structure. Each is instead a romanized initialism, a lowercase storefront handle, an English-fabricated storefront alias, or a Western personal name. Ex. A. This analysis is consistent with, and confirmed by, the registry search described above: the reason no registrable entity was found is that none of these identifiers is a registered Chinese-character legal name. In my experience, a Hague Central Authority request that names a PRC defendant only by such a romanized or English identifier cannot be reconciled by the executing intermediate people's court to any registered entity and does not result in executed service.

8. **Results of the address investigation.** For thirty-six of the seventy-eight mainland-PRC defendants, the platform disclosed no address beyond the country "China" — no street, building, or unit. Ex. A. For the remaining forty-two mainland-PRC defendants, an address was disclosed, but in no instance did map verification locate the pled building, unit, room, stall, or workstation: each disclosed address resolved no closer than a street, lane, village, township, residential community, district, city, or postcode, and several resolved to an unrelated occupant

or to a different city or province than the one pled. Ex. A records the specific result for each defendant.

9.    **Shared and self-declared addresses.** A number of the disclosed addresses are not defendant-specific. The identical address is stated verbatim by unrelated storefronts — Nos. 2 and 5; Nos. 25 and 30; Nos. 39 and 40; Nos. 41, 44, and 47; and Nos. 77 and 78 — and further storefronts are stated at immediately adjacent units of a single location (Nos. 56 and 59; Nos. 58 and 81). Two addresses are labeled by the platform itself as "self-declaration" (Nos. 49 and 76) and one as "operator on the platform" (No. 58). In my experience these patterns reflect secretarial or cluster-registration addresses that do not identify a particular seller's physical place of business.

10.    **Non-mainland and domestic defendants.** Defendant No. 38 discloses a Hong Kong address (Eastcore, 398 Kwun Tong Road, Kowloon); public records show that unit is a shared, multi-tenant secretarial address used by several unrelated companies, not a verified place of business of this defendant. Defendants Nos. 83–86 (eBay, Indonesia) disclose a country only and no street address. Defendant No. 90 (PayPal) is associated with a United States address. Defendant No. 87 (PayPal, "mazingtees.shop") is registered to GearLaunch, a print-on-demand payment-processing platform, not to the defendant itself; PayPal's subpoena response for that account discloses more than a dozen different addresses over time across multiple U.S. states and one in Serbia, with 234 Front Street, San Francisco, California recorded repeatedly as a business address. Defendant No. 92 (PayPal, "batesmotel.store") is associated with an account registered to an individual in Vietnam; PayPal's subpoena response discloses a Hanoi address for that account but also discloses addresses in six additional countries and flags the account internally for Brand Risk Enforcement and as an

"Intermediary/Exit" account. Because the batesmotel.store account's ten disclosed addresses span seven countries with no single consistent location, I undertook further verification of its two oldest and most specific addresses. The disclosed Guangzhou, China address — Fengming Road No. 117, F1 Stall — is a Cainiao parcel-collection station in a logistics district, not a residence or place of business. The disclosed Hanoi address, 36 Ngõ 257 Thanh Nhàn, cannot be independently located: Google Maps, Google Web, and VietMap, all redirects that house number to 46B Ngõ 257 Thanh Nhàn, a twenty-four-hour café. VietMap, Vietnam's leading local mapping service, also offers no consumer search interface through which to independently confirm the address. A search of Vietnam's national tax registry (masothue.com) for the exact name "Pham Thanh Trung" returned two records, both registered in far-southern provinces — Cà Mau and Đồng Tháp — approximately 1,500 to 1,800 kilometers from Hanoi; a similarly spelled but diacritically distinct name, "Phạm Thành Trung," returned Hanoi-area records, but Vietnamese orthography treats that as a different name, and I do not rely on it. The account's only linked financial instrument is a Vietcombank account, a Vietnamese bank; it discloses no Canadian or Chinese bank account, credit card, or other financial instrument, notwithstanding that a Winnipeg, Canada address appears twice among the account's disclosed addresses. Ex. A.

11.     Exhibits A, B, and C are true and accurate summaries of the per-defendant investigation I have described, prepared under my supervision. The addresses quoted in them are reproduced verbatim from the platform records, and no registered-entity information is asserted for any defendant because the registry search found none.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

6

Executed on August 11, 2026.                    */s/ Yanling Jiang*
                                                Yangling Jiang
                                                *Counsel for Plaintiff*